## CIRCUIT COURT OF FAIRFAX COUNTY

eMeritus Communications, Inc.,
Decision Support Sys., L.L.C.,
and Digital Commerce Corp.

v.

Hotel Executive Placement,
Torque Sys., Inc.,
Marquel Int'l, Inc.,
Carter, Milchman & Frank, Inc.,
Wishlee, Inc.,
and Visa Int'l, Inc., et al.

February 4, 2004

Consolidated Visa Garnishment Litigation

Cases No. (Law) 217811, (Law) 217812,

(Law) 218019, (Law) 218063, (Law) 218064

BY JUDGE MICHAEL P. MCWEENY

This matter came before the Court on the Plaintiffs' Motion for Garnishee Examination. Both parties submitted briefs prior to the January 23, 2004, hearing. At the conclusion of oral argument, the Court took this matter under advisement.

The Court has fully considered the briefs submitted as well as the oral arguments of both parties, and, for the reasons set forth below, the Court dismisses the garnishment actions in these consolidated cases.

*Facts*

Plaintiffs (Judgment Creditors) are eMeritus Communications, Inc., Decision Support Systems, L.L.C., and Digital Commerce Corporation.

Defendants (Judgment Debtors) are Hotel Executive Placement, Torque Systems, Inc., Marquel International, Inc., Carter, Milchman & Frank, Inc., and Wishlee, Inc. The garnishee in this case is Visa International, Inc.

In response to each of the five garnishment summons issued against it, Visa filed an answer stating that it has no obligation or liability to the judgment debtor. These five garnishment actions were consolidated for the purpose of determining the Plaintiffs' Motion for Garnishee Examination.

## *Analysis*

On the basis and presentation of the parties' stipulations, the Court finds that Visa International executes a membership agreement with a financial institution, known as a "Member," in which the Member agrees to comply with Visa operating regulations when it issues cards. That Member, in turn, executes a contract with an individual cardholder and/or a merchant that authorizes use of a credit card. Members that issue Visa cards to individual cardholders are referred to as "Issuing Members." Members that enable merchants to accept Visa cards as payment are referred to as "Acquiring Members."

The Court finds that a Visa transaction unfolds in the following manner. When making a purchase, the cardholder remits his Visa card to a merchant as payment for goods or services. As part of the authorization procedure, the merchant (Defendants herein) submits the transaction to its Acquiring Member through the Visa system. That transaction is routed through the Visa system from the Acquiring Member to the Issuing Member. The Issuing Member determines whether the proposed transaction is acceptable based on the pre-authorized agreement between it and the Cardholder. The Issuing Member then indicates, through the Visa system, whether or not the transaction is acceptable. This information is directed back through the Visa system to the Acquiring Member and then finally to the merchant itself, who may accept the card as long as the transaction is authorized.

After the authorization process, each transaction is cleared and then settled. The settlement process occurs at the end of each business day by Members or institutions designated by them. During the settlement process, all Visa transactions exchanged among all Acquiring Members and all Issuing Members are calculated as an aggregate on any given day. After all adjustments are made (e.g., chargebacks, reversals, and re-presentments), the Acquiring Member pays the merchant for authorized Visa card transactions pursuant to the Acquiring Member/Merchant agreement.

The Court finds, and the parties agree, that Visa does not enter into contractual agreements with merchants like the Defendants in the instant

case. Rather, the contract is between the Acquiring Member and the merchant. The Court finds that any funds due the merchant at the end of any given day are based on authorization from the Acquiring Member, not Visa. Therefore, the Visa system is simply a means of communication and verification and no funds actually flow through Visa to the merchant.

Garnishment proceedings may be instituted only where "there is a liability on a third person to the judgment debtor." *Network Solutions, Inc. v. Umbro Int'l, Inc.*, 259 Va. 759, 768 (2000). In order to have liability, there must be a "legal obligation, enforceable by civil remedy, a financial or pecuniary obligation, or a debt." *Id.*

In the instant case, because the Court finds that no funds flow through Visa, the garnishee is not liable or indebted to the Judgment Debtors. As such, the garnishments in these five consolidated cases are dismissed.

## Conclusion

For the reasons stated above, this Court finds that Visa International, Inc., is not liable to the Defendants in these five consolidated cases. This Court dismisses the garnishment summons issued against Visa International.